**In re GUARANTEE ELECTRIC, INC., Debtor.**

**Bankruptcy No. 85–2312–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 15, 1988.

Terry Smith, trustee.

David Steen, Tampa, Fla., for claimants.

### ORDER ON MOTION TO ALLOW LATE CLAIMS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon a Motion to Allow Late Claims No. 5, 6, 7 and 8 filed by Betty Patten, Edward Wise, Bruce F. Patten, and Luther Goodin (Movants), creditors in the above-captioned Chapter 7 case. The facts relevant and germane to a resolution of this controversy are as follows:

Guarantee Electric, Inc., filed its Chapter 7 petition on August 23, 1985. On September 13, 1985, this Court entered a Notice to Additional Creditors/Asset Case which fixed the time for filing claims pursuant to Bankruptcy Rule 3002(c)(5) and directed that claims not filed on or before Thursday, December 26, 1985, would not be allowed. It is without dispute that all creditors listed on the mailing matrix, including the four Movants, were mailed this notice and, therefore, it is presumed and is undisputed that they had actual notice of the time for filing claims. It appears that instead of filing their proofs of claim with the clerk of the bankruptcy court, the four Movants mailed their claims to the Debtor's attorney's office on December 16, 1985. On Monday, December 30, 1985, four days after the deadline for filing claims, the Debtor's attorney filed the proofs of claim with this court.

On April 25, 1988, the Trustee filed Objections to the Claims on the basis that they were untimely filed. On June 28, 1988, this Court entered an Order sustaining the Trustee's Objections without prejudice to the Movants to file a Motion to establish excusable neglect. On June 15, 1988, the Movants filed the Motion under

consideration in support of which, they argue that their failure to file the claims timely was the result of excusable neglect caused by the holiday season and, therefore, their claims should be allowed as timely filed. Further, the Movants contend that pursuant to Bankruptcy Rules 3004 and 5005, the claims may be deemed timely filed. In opposition, it is the Trustee's contention that the claims were filed untimely and that the late filing was not a result of excusable neglect, and thus, the claims should be disallowed.

■ While the time limits for filing proofs of claim are not specified in the Code itself, they are addressed by Bankruptcy Rule 3002(c) which provides in pertinent part as follows:

**Rule 3002. FILING PROOF OF CLAIM OR INTEREST**

**(c) TIME FOR FILING.** In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code....

In turn, Bankruptcy Rule 9006(b)(3) governs the enlargement of time and provides in pertinent part as follows:

**Rule 9006. TIME**

**(b) ENLARGEMENT.**

**(3) ENLARGEMENT LIMITED.** The Court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

As Bankruptcy Rule 3002(c) does not provide for the enlargement of time except under limited circumstances which do not exist in this case, this Court is satisfied that excusable neglect, even if it existed, is not a ground for allowing the claim.

■ The Movants further argue that pursuant to Bankruptcy Rule 5005(b) which addresses the filing of papers in error, their claims should be allowed as timely filed. Bankruptcy Rule 5005(b) provides as follows:

### Rule 5005. FILING OF PAPERS

**(b) ERROR IN FILING.** A paper intended to be filed but erroneously delivered to the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. In the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery.

Without even considering the problem presented by the fact that Bankruptcy Rule 5005(b) does not specifically address papers erroneously filed with counsel for the Debtor, the problem with the Movants' argument is that they have failed to establish the date the proofs of claim were delivered to the attorney for the Debtor. Therefore, it is impossible for this Court to deem the claims filed as of their delivery date to the attorney for the Debtor.

█ Finally, the Movants argue that the claims may be deemed timely filed pursuant to Bankruptcy Rule 3004 which provides that where a creditor fails to file a proof of claim before the first meeting of creditors, then the debtor or the trustee may file a proof of claim on behalf of the creditor within 30 days after the bar date. However, it is apparent from the face of the claims in question that they were not filed by the Debtor on behalf of a creditor. Instead, the proof of claim forms were completed by the creditors themselves, and then delivered to the clerk of this Court by the Debtor's attorney.

Based on the foregoing, this Court is satisfied that the Motion to Allow Late Filed Claims is not well taken and must be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Allow Late Claims be, and the same is hereby, denied, and Claims 5, 6, 7, and 8 be, and the same are hereby, disallowed.